## NATIONAL LABOR RELATIONS BOARD v. DALTON TEL. CO.
### No. 13,159.

United States Court of Appeals
Fifth Circuit.

March 20, 1951.

Rehearing Denied May 7, 1951.

Russell, Circuit Judge, dissented.

Mozart G. Ratner, Asst. Gen. Counsel, National Labor Relations Board, A. Norman Somers, Asst. Gen. Counsel, and David P. Findling, Associate Gen. Counsel, National Labor Relations Board, Washington, D. C., for petitioner.

R. Carter Pittman, Dalton, Ga., Frank A. Constangy, Atlanta, Ga., for respondent.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition to enforce an order of the National Labor Relations Board requiring the respondent to cease and desist from refusing to bargain collectively with the union; from discouraging membership in the union or in any other labor organization by refusing to reinstate any of its employees, or in any other manner discriminating in regard to their hire or tenure of employment, or any term or condition of employment; and from interfering with, restraining, or coercing its employees in any other manner in the exercise of the rights guaranteed to them by Section 7 of the Act, as amended.[1] Respondent was affirmatively directed to bargain with the union upon request; to offer immediate and full reinstatement to Painter, Cashon, Rogers, Youngblood, Ort, and Holloway; to make whole said em-

1. The National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., was amended by Section 101 of Title 1 of the Labor Management Relations Act, 1947, 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

ployees and Teasley and Dennington for any loss of pay sustained by reason of the unlawful discrimination; and to post the usual notices.

The primary question presented for our determination is whether the Board properly found that respondent refused to bargain in good faith with the union, in violation of Section 8(a)(5) of the Act, by imposing as a condition precedent to the execution of a contract, which had already been agreed upon in substance, the requirement that the union register under a Georgia statute so as to make it an entity amenable to suit in the state courts.

The facts pertaining to the respondent's failure to execute the contract are undisputed. The respondent and the union reached an impasse in bargaining negotiations when, after agreeing on all substantive issues, the respondent insisted, as a condition precedent to the execution of the contract, that the union register with a Georgia court in the manner provided by the Georgia Code, so as to make said union subject to suit on its contract. Under Sections 22–409 to 22–414, inclusive, of the Georgia Code of 1933, an unincorporated labor union is not subject to suit in the Georgia courts unless its name, style, objects, and the names of its trustees or officers, are recorded in the office of the clerk of the Superior Court.[2] The non-supervisory employees in respondent's plant went out on strike because of the respondent's refusal to execute the contract. The State Director of the union met with respondent's general manager, and offered to end the strike if respondent would reinstate the strikers. The general manager refused unless the union would comply with respondent's condition that it register. Upon these facts, the Board found that respondent's insistence, as a condition precedent to the execution of the agreement, that the union register under the Georgia Code, was an unlawful impediment to the bargaining process, and in violation of Section 8(a)(5) of the Act.

We are compelled to uphold the Board's finding with regard to the refusal of respondent to execute the contract. It is well settled that an employer who reaches an agreement with the representative of his employees on the terms and conditions of a collective bargaining agreement, and then refuses to reduce such agreement to writing or to sign it, has by such refusal violated Section 8(a)(5) of the Act. See H. J. Heinz Company v. National Labor Relations Board, 311 U.S. 514, 523–526, 61 S.Ct. 320, 85 L.Ed. 309. Respondent seeks to escape the foregoing well-settled precedent by contending that it had not in fact reached an agreement with the union, since same could not be reached unless the union agreed to register.

Respondent cannot legally make its agreement depend upon an improper condition. The Act requires the employer to bargain with the duly chosen representative of the employees as to "wages, hours, and other terms and conditions of employment". In the course of bargaining negotiations, the parties may reach an impasse on certain terms or conditions of employment, and the courts may not compel them to agree. There are certain things about which the parties may bargain or negotiate, but which cannot be insisted upon as a condition precedent to the making of a contract. The present case presents such a situation. Respondent, by insisting that the union become an entity amenable to suit in the state courts, left the sphere of "terms and conditions of employment," and conditioned his willingness to sign the agreement on a matter outside the area of compulsory bargaining. The Supreme Court has held that the bargaining rights created by the National Labor Relations Act may not be conditioned upon compliance with state registration laws. Hill v. Florida, 325 U.S. 538, 65 S.Ct. 1373, 1375, 89 L.Ed. 1782. In the matter of Eppinger & Russell Company, 56 N.L.R.B. 1259, an employer defended its refusal to bargain on the ground that the workers' representative had not secured a Florida license as a business agent as required

2. Smith v. International Ladies Garment Workers Union, 58 Ga.App. 26, 197 S.E. 349; O'Jay Spread Company v. Hicks, 185 Ga. 507, 195 S.E. 564.

by statute, but the Board held that the duty of the employer to bargain within the meaning of the Act was not subject to the mandatory provisions of the Florida statute requiring the licensing of union agents. When the Supreme Court decided Hill v. Florida, supra, it held invalid the Florida statute involved in the Eppinger case, and in so doing cited the Eppinger case with approval, saying: "The Board properly rejected the employer's contention, holding that Congress did not intend to subject the 'full freedom' of employees to the eroding process of 'varied and perhaps conflicting provisions of state enactments.'" We conclude that respondent's refusal to execute the completed contract, except upon a condition outside the terms of the contract itself, was violative of Section 8(a)(5) of the Act.

There is substantial evidence to support the remainder of the Board's order. Upon consideration of the respondent's motion to remand this proceeding to the Board for further findings, we have found no basis for such motion, and are of the opinion that same should be denied. The order of the Board should be, and hereby is, enforced.

Order enforced.

RUSSELL, Circuit Judge, dissents.